# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR31

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| OMAR CARLOS GARCIA BOBADILLA ) | |
| ) | |

**THIS MATTER** is before the Court on appeal from the Judgment entered herein by the Magistrate Judge on February 26, 2008. For the reasons stated below, the Judgment is affirmed.

## I. PROCEDURAL HISTORY

When called for trial before the Magistrate Judge, Defendant's counsel advised the Court that the Defendant would enter a plea of guilty to the charge of picking galax on U.S. Forest Service lands without a valid permit in violation of 36 C.F.R § 261.6(h). **Transcript of CVB Proceedings, filed April 7, 2008, at 2-3.** The Government advised the Court that no formal "arrangement" had been agreed upon by the parties

except that the Defendant would enter a guilty plea and the parties had agreed to "defer to the wisdom of the Court in fashioning an appropriate sentence." *Id.* at 2. An interpreter was provided for the Defendant. *Id.*

The Magistrate Judge then engaged the Defendant in the Rule 11 colloquy. In response to the Magistrate Judge's questions, the Defendant acknowledged that he understood he was waiving his right to a trial before the Court; that no one had made any promises or threatened him into entering his guilty plea; and that his mind was clear, he understood what he was doing, and he was not under the influence of any drugs or alcohol. *Id.* at 4-5. The Magistrate Judge found Defendant's plea was knowing and voluntary, and accepted his plea of guilty. *Id.* at 5-6.

The Court then heard from Officer John Diefenbach of the U.S. Forest Service as to the facts of the case. *Id.* at 6. Officer Diefenbach testified that he had been contacted by officers of the Blue Ridge Parkway that they had apprehended the Defendant for possessing galax without a required permit during their investigation of other individuals for the same violation. *Id.* Officer Diefenbach stated that when he spoke with the Defendant, he confessed that he had been picking galax in the forest and possessed green twist ties that are used to tie the galax. *Id.* at 7. Officer Diefenbach

then placed the Defendant under arrest. *Id*. The Officer also testified that he had previously cited the Defendant for the same violation in October 2007 and that the Defendant had paid a fine of $125.00. *Id*. **at 8.** Following the presentation of this evidence, the Court entered a verdict of guilty and heard from the attorneys as well as the Defendant concerning punishment. *Id*. **at 10-11.**

When pronouncing judgment, the Magistrate Judge made the following comment:

> In entering this judgment, I've considered what I've done in prior cases in which a defendant has a previous plea of guilty, *a conviction for a similar charge*, that being taking forest products off of the forest lands, and I'm now going to enter this judgment . . . that he be placed in the Bureau of Prisons in incarceration for a period of 6 months.

*Id*. **at 12 (emphasis added);** *see also*, **Judgment in a Criminal Case, filed February 29, 2008.** Other provisions of the Magistrate Judge's Judgment are not relevant to this appeal and, therefore, are not addressed herein. *Id*. **at 12-13.** From this Judgment, the Defendant gave timely notice of appeal pursuant to the provisions of Fed. R. Crim. P. 58(g)(2)(B). The parties having filed their respective briefs, this appeal is now ripe for review.

## II.  STANDARD OF REVIEW

A defendant who is convicted and sentenced by a magistrate judge is not entitled to a trial *de novo* by a district court.  **Fed. R. Crim. P. 58(g)(2)(D).**  "The scope of appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

> An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court.

**18 U.S.C. § 3742(h).**  "Accordingly, [a district court] should not reverse the decision of the Magistrate unless, after considering all of the evidence in the most favorable light to the government's case, [the] court finds that the Magistrate (or any rational trier of fact) could not conclude beyond a reasonable doubt that the defendant was guilty." ***United States v. Fattaleh*, 746 F. Supp. 599, 601 (D. Md. 1990).**  Also, "if there is no analogous guideline [sentence], 'the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3742(a)(2)][,]' . . . review under 18 U.S.C. § 3742(e) is limited in this case to whether the sentence was imposed in violation of law or is plainly unreasonable." ***United States v. Floresdelgado*, 131 F. App'x 28, 29 (4th**

Cir. 2005) (quoting *U.S. Sentencing Guidelines Manual § 2X5.1 comment. (back'd) (2003))*.

Defendant agrees that the "plainly unreasonable" standard of review is applicable and that this Court must review the Magistrate Judge's Judgment for abuse of discretion and clear error.  **Appellant's Brief, filed April 7, 2008, at 6.**


### III.  DISCUSSION

The parties do not dispute that under the Local Rules of this Court, "[t]he payment of a collateral in lieu of an appearance is a 'civil penalty,' is not an admission of guilt, and shall not be deemed to be a 'criminal conviction' for any purpose."  **LcrR 58.2(A).**  Nor do they dispute that a violation of 36 C.F.R. § 261.6(h) is a "petty offense," defined as a "Class B or C misdemeanor or infraction."  **Appellant's Brief, at 10.**  "The sentencing classification for a Class B misdemeanor is defined as 'six months or less but more than 30 days.  The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.'"  *Id.* **(quoting 18 U.S.C. §§ 19, 3559(a)(7) and U.S.S.G. §**

**1B1.9).** The Court finds such agreements to be in accordance with established precedent and applicable statutory provisions.

Defendant contends the Magistrate Judge based his Judgment on:

> "what I've done in prior cases in *which a defendant has a previous plea of guilty*, a *conviction* for a similar charge[.]" The Magistrate wrongfully considered [Defendant's] October ticket as a previous plea or conviction when entering his Judgment. The October ticket should not have been used for *any purpose*. This oversight caused [Defendant] to receive a sentence of 6 months in jail.

*Id.* **(emphasis in Appellant's Brief);** *see also***, Transcript, at 12.** Defendant contends that violations of this nature are not criminal. However, in addition to the portion of the transcript quoted by the Defendant, the Magistrate Judge further identified the offense by stating, "that being taking forest products off of the forest lands, and I'm now going to enter this judgment in [Defendant's] matter." *Id.* The Magistrate Judge obviously was addressing the Defendant's second violation of picking galax on forest lands, not whether it was a crime or a civil offense. It is also clear that the Magistrate Judge, a distinguished jurist with years of experience disposing of such cases, was aware of the nature of the offense to which he made reference, as well as the one that was then before him. The *lapsus linguae* (slip of the tongue) that may have happened here is of no

benefit to Defendant in his effort to suggest that his conduct was perceived by the Magistrate Judge to be a crime or to be of a more serious nature than the true facts suggest.  This Court concludes that the characterization of Defendant's payment of the fine as a conviction was unintentional, unimportant, and of no consequence in the Magistrate Judge's decision to impose the term of imprisonment herein.

Though not orally articulated, it appears that the Magistrate Judge properly considered the fact that the Defendant previously committed the same offense, the need to promote respect for the law, and to provide just punishment for the repeated offense.  He also considered the need to deter repetitious conduct by the Defendant in the future, thereby protecting the public from further offenses.  All these factors are relevant to the imposition of a sentence and are listed along with others under 18 U.S.C. § 3553(a).

"A court need not engage in ritualistic incantation in order to establish its consideration of [§ 3553(a) factors].  It is sufficient if, as in the case at bar, the [Magistrate Judge] rules on issues that have been fully presented for determination.  Consideration is implicit in the court's ultimate ruling." **United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).**

Defendant next contends that his sentence is plainly unreasonable primarily on the grounds that he has no criminal record and that a more appropriate sentence should have been no more than 30 days rather than the six-month maximum sentence permitted by law. **Appellant's Brief, at 13.** The fact that the Magistrate Judge imposed the maximum allowable sentence in this case does not necessarily mean that it is extreme or excessive and, therefore, unreasonable. It makes sense that the Magistrate Judge was concerned by the Defendant's repetitious conduct in a short period of elapsed time. "[D]etermining whether a . . . sentence is unreasonable 'entails a deferential appellate posture concerning issues of fact and the exercise of discretion.'" ***United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006),** *cert. denied*, **127 S. Ct. 1813 (2007) (quoting *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004)) (other citations omitted).** Using this deferential standard of review, the Court has no difficulty concluding that the sentence is fair, proper and, therefore, reasonable under the circumstances of this case.

Having determined the sentence to be reasonable, there is no need to apply the more stringent "plainly unreasonable" analysis of *Crudup*. **Id.** "'[P]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" ***United***

*States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)); *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (clearly or obviously erroneous); *see also, United States v. Ferguson*, 263 F. App'x 308 (4th Cir. 2008).

For the foregoing reasons, the Judgment of the Magistrate Judge is affirmed.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Judgment of the Magistrate Judge is hereby **AFFIRMED**, and the Defendant's appeal thereof is **DISMISSED**.

Signed: June 6, 2008

Lacy H. Thornburg
United States District Judge